# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

MICHAEL L. JOE, #270002,  )
*aka* Michael Larron Joe,   )
                           ) CIVIL ACTION NO. 9:11-1090-TLW-BM
            Petitioner,    )
                           )
v.                         ) **REPORT AND RECOMMENDATION**
                           )
A.J. PADULA, Warden,       )
                           )
            Respondent.    )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on May 4, 2011.[1]

The Respondent filed a return and motion for summary judgment on September 16, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on September 19, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to respond, Petitioner filed a response in opposition on October 7, 2011.

---

[1] Filing date under Houston v. Lack, 487 U.S. 266, 270-276 (1988)].



1

This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in December 2002 for Assault Upon an Employee of a Correctional Facility [Indictment No. 02-GS-29-1539]. (R.pp. 311-312). After a jury trial on September 14-15, 2004, Petitioner was found guilty of the charge. (R.pp. 1-235). The judge sentenced Petitioner to five (5) years imprisonment, consecutive to a sentence he was already serving. (R.p. 235). Petitioner did not appeal his conviction or sentence.

On April 14, 2005, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Joe v. State of South Carolina, No. 2005-CP-29-311. (R.pp. 237-241). Petitioner raised the following issues in his APCR:

I. Ineffective Assistance of Counsel.

    1. Counsel failed to advise defendant of rights of jury trial.

II. Judge violation.

    1. Judge failed to inform defendant of rights to appeal.

III. Perjury by Victim and Officers.

    1. Victim and witnesses falsified their reports to convict defendant.

(R.p. 238).

Petitioner was represented in his APCR by Leah B. Moody, Esquire, and an evidentiary hearing was held on August 27, 2007. (R.pp. 246-300). The State consented to allow

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

the Petitioner a belated appeal pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974). (R.p. 248). On September 21, 2007, the PCR court entered an order denying Petitioner's PCR claims. The Order did, however, grant Petitioner the opportunity to pursue appellate review pursuant to White v. State, supra. (R.pp. 301-310).

Petitioner then filed a notice of appeal, and was thereafter represented by M. Celia Robinson of the South Carolina Division of Appellate Defense, who raised the following issues:

> I. Did the PCR judge properly find and order that Petitioner was entitled to a belated direct appeal from his conviction?
>
> II. Did the PCR Judge err in denying relief despite Petitioner's trial counsel's failure to locate or to request a continuance for the purpose of obtaining the testimony of Correctional Officer McKenzie where counsel's failures constituted ineffective assistance of counsel which prejudiced Petitioner's right to a fair trial and reasonably affected the outcome of the proceeding?

See Petition for Writ of Certiorari, p. 2.

On the same date, Petitioner's counsel filed a "Brief of Appellant Pursuant to White v. State" asserting the following issue:

> I. Did the trial judge err in admitting photographs of injuries where the unfairly prejudicial effect of the photographs on the jury outweighed any slight probative value?

See Brief of Appellant Pursuant to White v. State, p. 3.

On August 24, 2009, the South Carolina Supreme Court denied the petition for writ on Question II, and granted the Petition on Question I. Then, after conducting a review of Petitioner's direct appeal issue, the South Carolina Supreme Court affirmed Petitioner's conviction and sentence. See Mickeal Larron Joe v. State, Memo Op. No. 2009-MO-045 (S.C.S.Ct. Aug. 24, 2009). The Remittitur was sent down on September 9, 2009.



3

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Ineffective Assistance of Counsel (Trial).

A. Counsel failed to investigate or contact key eye witness when key eye witness was known to counsel 15 months prior to trial date.

**Ground Two**: Ineffective Assistance of Counsel.

A. Counsel failed to request a continuance for the purpose of obtaining the testimony of the key eye witness to this case.

B. Counsel failed to investigate key eye witness, when key eye witness was known (15) months prior to trial date.

See Petition, pp. 6-8.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



4

**I.**

Respondent first argues in his motion, <u>inter alia</u>, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[3] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner did not seek a direct appeal from his trial convictions; however, he was afforded a belated review of his direct appeal issues. Therefore, his conviction became final, for purposes of his time calculation, at the end of ninety (90) day period he had to seek certiorari review from the United States Supreme Court. <u>See</u> U.S.Sup.Ct. Rule 13.03; <u>Jimenez v. Quarterman</u>, 129 S.Ct. 681, 683-687 (2009)[When state court grants a criminal defendant the right to file an out-of-

---

[3]Antiterrorism and Effective Death Penalty Act of 1996.



5

time direct appeal during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of limitations period is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal]; see also Gildon v. Brown, 384 F.3d 883, 885 (7th Cir. 2004)(citing Clay v. United States, 537 U.S. 522, 527 (2003)).

The opinion from the belated review was issued on August 24, 2009.[4] Accordingly, the time for Petitioner to seek certiorari expired on November 23, 2009[5], and his conviction became final for purposes of calculating the federal time limitations for his habeas petition on that date. Therefore, Petitioner had until November 23, 2010, to file his federal habeas petition. By the time Petitioner filed his federal habeas petition on May 4, 2011, the deadline for filing this Petition had passed. Therefore, Petitioner failed to timely pursue relief for his September 2004 conviction, and this Petition would ordinarily be barred from consideration by this Court. 28 U.S.C. § 2244(d)(1)(A).

## II.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling.

---

[4]The time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S.Sup.Ct. Rule 13.3.

[5]Since the ninetieth day (November 22, 2009) fell on a Sunday, Petitioner had until the following Monday.



6

Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004)[Finding that alleged lack of notice was not "extraordinary circumstance" entitling Petitioner to equitable tolling]; Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In an effort to save his Petition from dismissal, Petitioner asserts that he did not receive notice from counsel that his PCR and belated direct appeal had been denied by the state Supreme Court until March 30, 2011. Documents submitted by the Petitioner support this assertion. See Petition, p. 14 and attachment; see also Memorandum in Opposition, p. 1 and attachment. In a letter dated March 23, 2011, Robert Dudek, Chief Appellate Defender wrote to Petitioner that his appellate counsel had left their office. Dudek informed Petitioner that upon review of his former counsel's open files, it was discovered that Petitioner's PCR had been denied on August 24, 2009, and that it did not appear that Petitioner had been notified of this decision. See Attachments to Petition and Petitioner's Memorandum in Opposition. However, although Petitioner also makes a vague reference to checking on the status of his case after Appellate Counsel Robinson had left the South Carolina Division of Appellate Defense, he provides no dates as to when this contact occurred



7

or information that he received, or of any attempts that he made to follow up on any information received. See Memorandum in Opposition, p. 1. Further, even after Petitioner alleges that he received the notice letter which contained an instruction from Dudek in bold to file his federal habeas "very quickly" if Petitioner intended to assert equitable tolling, Petitioner waited for over a month to file his federal habeas petition. Marengo, 342 F.Supp. 2d at 230 [Noting that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]; c.f. Weldon v. Pate, No. 10-1400, 2011 WL 573454 at * 3, n. 10 (D.S.C. Jan. 26, 2011), adopted, 2011 WL 573454 (D.S.C. Feb. 15, 2011)[No equitable tolling where Petitioner waited eight months after receipt of letter from an attorney he attempted to retain before he filed habeas petition].

Based on the information and materials before the Court, the undersigned does not find that Petitioner has met his high burden of showing that he is entitled to equitable tolling where he has presented no evidence that he diligently pursued his rights in his state court appeal that had been denied for over one and half years before he received Dudek's letter, and even thereafter did not file this Petition until over a month after receiving that notice. Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d



8

at 230. Rather, Petitioner simply failed to properly check on the status of his appeal or timely file this federal petition. Cf. Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay].

As Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; he is barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999). Therefore, this Petition should be dismissed.

### III.

Finally, in consideration of Petitioner's pro se status, the fact that it is undisputed that he did not receive final notification of the denial of his appeal from counsel until March 30, 2011, and out of an abundance of caution, the undersigned has addressed the merits of Petitioner's claims in the event the District Judge reviewing this opinion decides to grant equitable relief. However, even assuming Petitioner is entitled to pursue his federal habeas petition, his claims are without merit and do not entitle him to relief.

Petitioner contends that he received ineffective assistance of trial counsel because



counsel failed to investigate or contact a potential defense witness, a former correctional officer named Lois McKenzie, who Petitioner asserts was present at the time of the alleged assault, or to request a continuance for the purpose of obtaining this testimony. These issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Joe v. State of South Carolina, No. 05-CP-29-311.

Specifically, the PCR judge found that: 1) Petitioner testified that he told counsel to contact McKenzie and that trial counsel told him that he would "investigate" McKenzie and Petitioner's other witnesses; 2) Petitioner also testified that counsel did not speak to any of his witnesses prior to trial and failed to find McKenzie; 3) Petitioner then testified that McKenzie was working at the time of the altercation and he believed that she would testify on his behalf; 4) Petitioner opined that McKenzie's testimony would have added credibility to attack the story of the five (5) other correctional officer employees who testified against him; 5) Petitioner testified that the five correctional officers who testified that Petitioner strangled the victim, Cox, lied during trial because no one touched him; 6) however, Petitioner could not account for the bruises on Cox's neck; 6) witness Toryast Johnson testified at the PCR hearing that he was an inmate and present during the altercation; 7) Johnson testified that he did not meet with Petitioner's counsel prior to trial and the first conversation that he had with him was from the witness stand; 8) Johnson stated that Petitioner did not commit this crime; 9) Johnson admitted that he was the cause of the altercation because he did not want to go back to his cell; 10) however, Johnson also testified that he actually could not see



10



whether or not Petitioner strangled the victim with his belly chains because two (2) officers were sitting on top of him at the time; 11) Johnson was face down on the ground; 12) Johnson further stated that his testimony at the PCR hearing did not differ from his testimony at trial; 13) witness Marcus Griffin testified at the PCR hearing that he was a fellow inmate of the Petitioner's and that he witnessed the altercation; 14) Griffin testified that he and the Petitioner unlawfully exited the sally-port to break up a fight between the correctional officers and Johnson; 15) Griffin testified that Petitioner was in level one restraints the entire time; 16) Griffin testified that the Petitioner did not choke the victim, and he did not know how the victim got bruises on his neck; 17) trial counsel testified that he was prepared to go forward to trial; 18) counsel testified that he received a letter from the Petitioner on January 30, 2003, that listed Hemingway, Griffin, Lt. Sanders, McKenzie[6] and Johnson as witnesses; 19) Lt. Sanders testified for the State; 20) Hemingway, Griffin, and Johnson all testified for the Petitioner; 21) counsel testified that Petitioner had given him the spelling of "Mc-Kinsui" for the other witness, and that although this was incorrect, counsel investigated the personnel office at Kershaw Correctional Facility and found a similar name, McKenzie; 22) counsel testified that his assistant tried to locate McKenzie, but she was no longer in the employment of the facility and did not have a forwarding address in her records; 23) counsel testified that he spoke to Petitioner's other witnesses the morning of the trial, that he knew what their version of the facts would be, and that was confirmed with them that morning; 24) counsel testified that he does not put a witness on the stand if he does not know what they are going to say; 25) counsel also testified that he did not have a reasonable explanation to ask the judge for a continuance; 26) counsel could not

---

[6]The spelling of this name is different from the one that Petitioner gave his counsel. See discussion, infra.

11

assure the trial court that McKenzie could be located within a reasonable point in time; 27) counsel had already tried to locate her and had been unsuccessful; 28) counsel further testified that he did not know what her testimony would be and if it would be helpful or harmful to Petitioner's case; 29) prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief; 30) Petitioner's mere speculation as to what a witness' testimony would have been cannot, by itself, satisfy his burden of showing prejudice; 31) Petitioner must produce the testimony of a favorable witness or otherwise offer testimony in accordance with the rules of evidence in order to establish the necessary prejudice; 32) failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only be mere speculation as to the result; 33) Petitioner must show actual prejudice from the denial of a continuance; 34) the PCR court observed the witnesses presented at the hearing, passed upon their credibility, and weighed their testimony accordingly; 35) trial counsel's testimony was credible; 36) the testimony of Petitioner and his two other witnesses was not credible; 37) counsel was not ineffective in failing to locate McKenzie; 38) trial counsel made a reasonable effort to locate her; 39) trial counsel also informed the trial court that he had attempted to locate another witness, but had been unsuccessful; 40) Petitioner did not prove that he was prejudiced by trial counsel's actions because this witness did not testify at his PCR hearing; 41) Petitioner's assertion that McKenzie's testimony would have been beneficial was pure speculation on his part; 42) the court noted that Petitioner initially wanted Lt. Sanders to testify for him, but that he testified for the State; 43) counsel was not ineffective for failing to interview Petitioner's witnesses prior to the day of trial; 44) counsel testified that he knew what they were going to say and spoke with them the morning of trial before it began; 45) Petitioner has failed to prove that further investigation or

12

interview would have produced a different result; 46) the testimony from Johnson and Griffin at the PCR hearing did not differ from their trial testimony; and 47) with regard to counsel not moving for a continuance, Petitioner has failed to prove that this motion would have been successful and has also failed to prove that he would have been able to find McKenzie if the case had been continued. (R.pp. 302-309).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review



13

is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).

After careful review of the arguments and record before this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that his counsel was



14

ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. The record reflects that, at the PCR hearing, Petitioner only speculated as to how counsel could have located McKenzie and what McKenzie's testimony may have been. McKenzie did not testify at Petitioner's PCR hearing and no evidence was presented to show that she could have been located for trial. Petitioner's trial counsel testified that McKenzie no longer worked at the correctional facility and that he attempted, unsuccessfully, to locate her. Although Petitioner offers his speculation that McKenzie's testimony would have affected the outcome of the case, this offering is insufficient to show his counsel was ineffective. Furthermore, Petitioner has failed to show that even if counsel had moved for a continuance, that one would have been granted. Even assuming *arguendo* that it would have been granted, there is no evidence that McKenzie could have been located at that time, or that if she was located and testified, that her testimony would have supported Petitioner's case and the outcome would have been different.

Accordingly, Petitioner has not shown any prejudice from the alleged failure of his counsel to request a continuance or to call McKenzie as a witness. Bassette v. Thompson, 915 F.2d 932, 939-941 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991); Bannister v. State, 509 S.E.2d 807, 809 (S.C. 1998)["This Court has repeatedly held a PCR applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; Glover v. State, 458 S.E.2d 539, 540 (S.C. 1995)["[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."]; Clark v. State, 434 S.E.2d 266, 267-



15

268 (S.C. 1993)[pure conjecture as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different]; Underwood v. State, 425 S.E.2d 20, 22 (S.C. 1992)[prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing].

Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable; Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the law or facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; and this claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February March 2, 2012
Charleston, South Carolina



16

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



17